DONALD E. BROOKINS, Seaman Apprentice, FRED CROWDER,
Seaman, GARY V. ENGLISH, Seaman Apprentice, EDILBERTO
FELIX, Seaman Apprentice, EULIE JESSIE, Seaman, EDWARD
PERCY, Seaman Apprentice, DAVID M. PRYOR, III, Seaman
Apprentice, JAMES E. SHEMPERT, Seaman Apprentice,
STANLEY W. WALTON, Seaman Apprentice, and MARTIN P.
WILLIAMS, Seaman, U. S. Navy, Petitioners

v

PETER K. CULLINS, Captain, Commanding Officer, USS LITTLE
ROCK, (CLG-4), FPO NEW YORK 09501, Respondent

Miscellaneous Docket No. 74-40

August 9, 1974

*David F. Addlestone, Esquire,* argued the cause for Petitioners. With him on the brief was *Captain Charles J. Hely,* USMCR.

*Lieutenant Commander Harvey E. Little,* JAGC, USN, argued the cause for Respondent. With him on the brief were *Lieutenant Colonel L. K. O'Drudy, Jr.,* USMC, and *Lieutenant Colonel G. L. Bailey,* USMC.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

The petitioners in this case seek a writ of prohibition or other extraordinary relief under the provisions of the All Writs Act, 28 USC § 1651, that would permanently enjoin their trials by the Commanding Officer, USS *LITTLE ROCK,* whom they allege is disqualified from acting in their cases in a judicial capacity. Among other offenses, the petitioners are all charged with participating in a riot aboard the *LITTLE ROCK* at sea on the evening of November 8, 1973. There is no factual dispute that Captain Cullins, the commanding officer of the ship and the convening authority in petitioners' trial, was present on the mess deck during the period of time when the petitioners were allegedly unlawfully assembling. At this time, it is also stated that petitioners used disrespectful language in Captain Cullins' presence and that several groups of persons left the mess deck for the purpose of assaulting other members of the crew. Captain Cullins spent almost 5 hours talking separately to the contesting groups of enlisted personnel. He gave certain assurances to each. He made every effort to dispel the fear, anger, and apparent hate that possessed at least some members of each group. There is also no factual dispute that Captain Cullins was extensively briefed on the investigation of these events by the Naval Investigative Service Special Agent detailed to the investigation and by his executive officer and legal officer who had the responsibility for drafting the charges and making recommendations as to their disposition.

■ A challenge to the authority of the convening authority to convene the court-martial to which a charge has been referred to trial can be asserted at trial, and, if denied, the matter can be pursued on appeal. Indeed, the petitioners followed this course to the point of a motion for appropriate relief before the trial judge. The motion was denied. The correctness of the ruling is preserved for appeal in the record should the accused be convicted. It would appear, therefore, that an application to this Court for relief denied by the trial judge has the earmarks of an appeal from an adverse trial ruling. However, the substance of the matter, not its packaging, should determine its merits.

■ Basically, the question presented by the petition is whether the convening authority was disqualified, as a matter of law, from referring the charges to a court-martial convened by him. We have held that intervention by this Court in a pending court-martial is justified "to prevent a waste of the time and energy of the military tribunals involved throughout the trial and appellate stages when it . . . [is] abundantly clear that any verdict of guilty returned by the court-martial would be overturned." Chenoweth v Arsdall, 22 USCMA 183, 188, 46 CMR 183, 188 (1973). We have applied this concept to protecting an accused against trial for an offense over which the court-martial had no jurisdiction, Fleiner v Koch, 19 USCMA 630 (1969), and against withdrawal of charges from a special court-martial by the convening authority for the purpose of referring them to trial by a general court-martial only because the accused had requested the production of witnesses in his behalf. Petty v Moriarty, 20 USCMA 438, 43 CMR 278 (1971).

The operative facts supportive of the petition for extraordinary relief are undisputed. If they disqualify the convening authority, the court-martial con-

vened by him for the trial of the charges cannot proceed. United States v Gordon, 1 USCMA 255, 2 CMR 161 (1952). We are convinced, therefore, that the petition presents a proper case for consideration of the issue outside the regular course of appellate review.

■ On the merits, the petitioners contend that Captain Cullins is disqualified to convene their courts-martial both on the basis that he was a witness to the events giving rise to the charges and that he was an accuser in fact. In view of our disposition of the petition, we need not decide whether merely witnessing the commission of an offense is sufficient to disqualify the convening authority. In our opinion, the true test for disqualification of a convening authority to convene a court-martial on the ground that he is an accuser is that "under the particular facts and circumstances . . . a reasonable person would impute to him a personal feeling or interest in the outcome of the litigation." United States v Gordon, supra at 260, 2 CMR at 166. In the *Gordon* case, the accused was charged with two offenses, burglary and attempted burglary, but only the former was referred to trial by the convening authority. The unreferred charge described an attempt to burglarize the home of the convening authority; it was dropped because the staff judge advocate recommended that the accused's confession of the offense was not sufficiently corroborated by independent evidence. We held that in those circumstances, the convening authority was disqualified as an accuser because he "was so closely connected to the offense that a reasonable person would conclude that he had a personal interest in the matter." United States v Gordon, supra at 261, 2 CMR at 167.

■ Many circumstances in this case convince us that the degree of Captain Cullins' involvement in the events engendered in him the kind of personal feeling about the offense and the kind of personal interest in the results of prosecution that would constitute him an accuser under the *Gordon* test. A reasonable person would conclude that Captain Cullins was a participant in the material events and perhaps even a personal victim of the crime.

We do not condemn Captain Cullins for anything that he did. On the contrary, we might have done and said the same things he did, despite the fact, as he admitted, that during most, if not all, of the many hours he was engaged in conferring with members of the competing groups he should have been on the bridge because the vessel was underway in restricted waters. His fault was only that he did not "remember that there are easy and adequate means to have a court appointed by one entirely divorced from the offense and if there is any doubt about the propriety of the selection, it should be resolved in favor of the accused." United States v Gordon, supra at 261, 2 CMR at 167.

Petitioners' request for extraordinary relief is granted. In each case where charges against the petitioners have been referred for trial by respondent, such referral is set aside. Further proceedings consistent with this opinion may be had with respect to charges and specifications affected hereby.

Judge QUINN concurs.